UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVIN LAMONT LOGAN #581798         CIVIL ACTION NO. 19-cv-075 SEC P

VERSUS                             CHIEF JUDGE HICKS

JASON KENT                         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

A six-person Caddo Parish jury found Kevin Lamont Logan ("Petitioner") guilty of felony theft of a car. He was originally sentenced to 10 years imprisonment. The State filed a habitual offender bill that charged Petitioner as a second felony offender. A plea agreement was reached where Petitioner admitted his habitual offender status and received an agreed 15 year sentence. His conviction was affirmed on appeal. State v. Logan, 91 So.3d 1167 (La. App. 2d Cir. 2012).

Petitioner filed multiple post-conviction applications, along with assorted motions, in state court. He then filed this federal habeas corpus petition and asserted claims that (1) two jurors were the victims of property theft, (2) he should have been granted a change of venue, and (3) he received ineffective assistance of counsel. The undersigned could not determine from Petitioner's submissions whether his petition was timely or if he had properly exhausted his state court remedies. The State was directed to file the state court record and brief the issues. After a review of the record, and for the reasons that follow, it is recommended that the petition be denied as untimely.

**Analysis**

A one-year period of limitations applies to petitions for habeas corpus. The limitation runs from the latest of four triggers found in 28 U.S.C. § 2244(d)(1). The most common trigger, and the only one that appears applicable in this case, is the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(1)(A). A Louisiana conviction is final when the defendant does not timely proceed to the next available step in the appeal process. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner's direct appeal decision was rendered on April 11, 2012. He did not file an application to the Supreme Court of Louisiana for a writ of certiorari within the 30 days allowed by state law. La. C.C.P. art. 2166(A). Accordingly, his conviction became final on May 11, 2012 and commenced the federal limitations period.

Petitioner went on to file in the state courts three post-conviction applications and a motion to correct illegal sentence. He also filed a federal petition, Logan v. Warden, 13-cv-0960, that was dismissed without prejudice for failure to exhaust state court remedies. The limitations period was potentially tolled during the pendency of some of those proceedings. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. 224(d)(2).

There were gaps of un-tolled time between some of the filings, and some filings such as the federal petition that was dismissed without prejudice and the third post-conviction application that was dismissed as untimely, arguably did not toll the federal

limitations period.  Duncan v. Walker, 121 S.Ct. 2120 (2001) (federal petition does not trigger statutory tolling under § 2244(d)(2));  Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005) (state post-conviction application that is denied as untimely is not "properly filed" within the meaning of Section 2244(d)(2) so does not toll the limitations period).  But the court need not parse the extensive procedural history, helpfully set forth in the State's memorandum (Doc. 19), nor decide which of the several events did or did not toll the limitations period.  That is because 926 days of un-tolled time ran between the finality of the second post-conviction application proceeding and the commencement of the third post-conviction application.  The federal petition, filed after the completion of the third post-conviction application litigation, was untimely.

Petitioner's second post-conviction application was filed on October 29, 2013.  Tr. 347-62.  That application argued that defense counsel failed to communicate a plea offer.  The trial court denied the application.  Tr. 378-79.  Over the next several months, Petitioner made a number of filings that included some effort to seek review from the state appellate court.  The clerk of court for the appellate court wrote Petitioner on October 15, 2014 and advised that if he was not satisfied with the trial court's ruling on his post-conviction application, he would need to file a separate writ application.  Petitioner was provided with a copy of the court's pro se manual and directed to the rule regarding what must be included in a writ application.  Tr. 458.

Under Louisiana law, a prisoner may seek review of the denial of a post-conviction application by invoking the supervisory jurisdiction of the court of appeal.  La. C.Cr.P. art. 930.6(A).  Typically, he must seek supervisory review no more than 30 days from the date

of the trial court's ruling. See U.R.C.A. 4-3. But the trial court or the appellate court may extend the time for filing the application, and the timeliness bar of Rule 4-3 should be sparingly applied where the defendant does not unreasonably delay in seeking supervisory review. See Leonard v. Deville, 960 F.3d 164, 169-70 (5th Cir. 2020).

The clerk of the appellate court sent Petitioner a letter dated October 15, 2014 and told him that he would need to file a writ application if he wished to challenge the trial court's ruling of October 29, 2013. Even though that letter issued almost a year after the trial court's ruling, the court will give Petitioner the benefit of the doubt and treat the clerk's letter as an implied extension of time of 30 days afterwards, until November 15, 2014, to file a writ application. There is no indication that Petitioner filed a writ application within that time or ever, with respect to the second post-conviction application, and there were no further orders issued by any court with respect to that application.

Without going into detail, it is almost certain that more than 300 days of un-tolled time passed before the second post-conviction application was filed. But that time will be ignored at this point. To the extent the federal limitations period was tolled during the post-conviction process, it began to run again on November 15, 2014 after all possible tolling effect of the second post-conviction application ended.

The State represents that Petitioner's next filing with any potential to toll the limitations period was his third post-conviction application filed in June 2017. Petitioner has not offered any evidence to the contrary. Louisiana post-conviction applications benefit from a mailbox rule. Petitioner signed and dated the application on May 29, 2017, so he could not have tendered it to prison officials for mailing before that date. Between

the cessation of tolling on November 15, 2014 and tolling potentially commencing again on May 29, 2017,[1] a total of 926 days of un-tolled time passed.  That is far in excess of the 365 days allowed by law to file a federal petition, so this federal petition that was filed in January 2019, about a month after the completion of litigation of the third post-conviction application, was untimely.

Accordingly,

It is recommended that the petition for writ of habeas corpus be denied as untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[1] Tolling by the filing of a post-conviction application stops the federal limitations clock, but it does not restart it.  Lawrence v. Florida, 127 S.Ct. 1079, 1081-82 (2007);  Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of July, 2021.

Mark L. Hornsby
U.S. Magistrate Judge